

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2007

# Napoleon v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3280

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Napoleon v. Atty Gen USA" (2007). *2007 Decisions*. Paper 1254.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1254

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 05-3280 and 05-5449
_____

GEORGES NAPOLEON,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A37 299 279)
Immigration Judge:  Henry S. Dogin
_____

Submitted Under Third Circuit LAR 34.1(a)
March 30, 2007

Before:  FISHER, JORDAN and ROTH, *Circuit Judges*.

(Filed: April 19, 2007)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Petitioner Georges Napoleon seeks review of two Board of Immigration Appeals

("BIA") final orders of removal, one denying his motion for reconsideration and another

denying his untimely motion to reopen sua sponte and remand to the immigration judge

("IJ").  Because we lack jurisdiction over both of these decisions, we will deny the

petitions.

I.

We write only for the parties and thus will forgo a lengthy recitation of the factual

background of this case.  Georges Napoleon, a native and citizen of Haiti, was admitted to

the United States as a permanent resident on November 4, 1981.  On May 30, 1997, the

former Immigration and Naturalization Service ("INS") served him with a Notice to

Appear, charging him with removability as an alien convicted of an aggravated felony

and two crimes involving moral turpitude not arising out of a single scheme of criminal

misconduct.

At hearings before the IJ, Napoleon admitted the allegations against him and, on

July 20, 1999, the IJ issued a written decision finding Napoleon removable and ineligible

for cancellation of removal because he was convicted of an aggravated felony.

Additionally, the IJ observed that Napoleon was placed into proceedings in May 1997,

and was thus ineligible to apply for a waiver pursuant to former section 212(c) of the

INA, codified at 8 U.S.C. § 1182(c).[1]  The BIA dismissed Napoleon's appeal of this

decision on February 7, 2001, affirming, inter alia, the IJ's conclusion that 212(c) relief

---

[1]The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), enacted on April 24, 1996, restricted the eligibility of some classes of aliens for discretionary relief under § 212(c), barring relief to aliens removable by reason of having committed drug-related crimes and aggravated felonies.

was not available because Napoleon had been convicted of an aggravated felony and was placed in removal proceedings after the enactment of AEDPA.

On May 15, 2003, in light of *INS v. St. Cyr*, 533 U.S. 289 (2001),[2] the BIA reopened the proceedings and remanded the case to afford Napoleon an opportunity to apply for 212(c) relief. On December 17, 2003, a hearing on Napoleon's request for 212(c) relief was conducted. The IJ found Napoleon eligible for 212(c) relief, but denied such relief as a matter of discretion after weighing the favorable and adverse factors in Napoleon's case. Specifically, the IJ recognized that the length of time Napoleon had been present in the United States and his family ties were positive factors. However, he found that "the conviction itself, the lack of work in the last three years, the lack of support to the family, the inability to meet the terms and conditions of his probation and parole, and restitution, the violation of probation outweigh the positive factors."

In his appeal to the BIA, Napoleon argued that the IJ gave "undue weight" to the negative factors in his case. On February 2, 2005, the BIA affirmed without opinion the decision of the IJ. Napoleon subsequently filed a motion for reconsideration with the BIA, again arguing that the IJ improperly weighed the positive and negative factors of his

---

[2]The Court held in *St. Cyr* that § 212(c) continues to provide relief for certain deportable aliens "whose convictions were obtained through plea agreements and who, not withstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." 533 U.S. at 326; *see also Ponnapula v. Ashcroft*, 373 F.3d 480, 482 (3d Cir. 2004).

case.  Noting that this motion "largely reiterate[d] the same arguments . . . previously presented in his appeal brief," the BIA denied this motion on June 3, 2005.

Napoleon then obtained new counsel and filed another motion requesting that the "Board reopen proceedings *sua sponte* or in the alternative that his time for reopening be tolled due to ineffective assistance."  He alleged that prior counsel was ineffective because he failed to have family members submit affidavits and letters in support of Napoleon's 212(c) application.  Additionally, Napoleon asserted that because, under BIA precedent, "it appears" that he "was not entitled to 212(c) relief unless it was in conjunction with an Adjustment of Status application," prior counsel should "have filed an adjustment of status adjudication before the Immigration Judge once the I-130 was approved."

The BIA denied this untimely motion to reopen and remand on November 29, 2005, stating that it was "declin[ing] to reopen [the] proceedings *sua sponte* because it is not clear that there exist in this case the type of exceptional circumstances that justify *sua sponte* reopening."  Additionally, the BIA noted that Napoleon had failed to demonstrate prejudice from the alleged ineffective assistance of counsel.  Finally, the BIA declined to address Napoleon's argument that the time restrictions on his motion to reopen should be equitably tolled, concluding that even if the motion had been timely filed, there would have been insufficient basis for reopening the proceedings.

4

Napoleon filed a timely petition for review of each of the BIA's June 3, 2005 denial of his motion for reconsideration, and November 29, 2005 denial of his untimely motion to reopen sua sponte.

## II.

We lack jurisdiction over the BIA's June 3, 2005 denial of Napoleon's motion for reconsideration. Our jurisdiction over the petition for review of a criminal alien[3] is limited to consideration of "constitutional claims or questions of law." *See* REAL ID Act § 106(a)(1)(A)(iii), adding 8 U.S.C. § 1252(a)(2)(D); *Bonhometre v. Gonzales*, 414 F.3d 442, 445 (3d Cir. 2005). "[F]actual or discretionary determinations continue to fall outside [our] jurisdiction," *Sukwanputra v. Gonzales*, 434 F.3d 627, 634 (3d Cir. 2006), and "if an alien is removable for having committed one of the offenses enumerated in 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review a denial of a motion to reopen, except to the extent that it raises constitutional claims or questions of law." *Cruz v. AG*, 452 F.3d 240, 247-48 (3d Cir. 2006).

The record in this case clearly indicates that the IJ denied Napoleon's 212(c) waiver request as an exercise of discretion. After reviewing the positive and negative factors of Napoleon's case, the IJ concluded that the equities weighed against a grant of

---

[3]Napoleon was found removable pursuant to section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), based on his 1993 aggravated felony theft conviction.

212(c) relief. The BIA affirmed without opinion.[4] In both his appeal to the BIA and in his motion for reconsideration, Napoleon argued that the IJ placed undue weight on the negative factors of his case.

Although Napoleon's motion for reconsideration characterized the IJ's decision as "contrary to law" and "arbitrary and capricious," the BIA concluded, and we agree, that Napoleon's argument was simply a recapitulation of the argument made in his initial appeal – that is, that the IJ placed undue weight on negative factors in exercising his discretion to deny 212(c) relief. Because we lack jurisdiction over the BIA's affirmance of the IJ's discretionary denial of relief in this case, *see Sukwanputra*, 434 F.3d at 634, we lack jurisdiction over the BIA's denial of a motion for reconsideration of that same discretionary determination. *See*, *e.g.*, *Jean v. Gonzales*, 435 F.3d 475, 481 (4th Cir. 2006) ("When the BIA refuses to reconsider the discretionary denial of relief . . . a decision which is not subject to review in the first place - the court will not have jurisdiction to review that same denial merely because it is dressed as a motion to reconsider.") (internal quotations and citation omitted); *Mehilli v. Gonzales*, 433 F.3d 86, 92 (1st Cir. 2005) ("Recognition of jurisdiction in these circumstances would circumvent both the purposes of the jurisdictional limitation and the purposes of reconsideration.").

Likewise, we lack jurisdiction over the BIA's November 29, 2005 denial of Napoleon's motion to reopen sua sponte. That order is unreviewable because it

---

[4]Napoleon did not file a petition for review of the BIA's February 2, 2005 affirmance of the IJ's discretionary denial of his application for 212(c) relief.

implicates the BIA's unfettered discretion to reopen proceedings sua sponte under 8 C.F.R. § 1003.2(a). Under this regulation, "[t]he Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). As we explained in *Calle-Vujiles v. Ashcroft*, 320 F.3d 472 (3d Cir. 2003), "[b]ecause the BIA retains unfettered discretion to decline to sua sponte reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case." *Id.* at 475.[5]

### III.

For the foregoing reasons, we will deny the petitions for review.

---

[5]Because the BIA has unfettered discretion to decline to reopen proceedings sua sponte, we need not review the BIA's determination that Napoleon failed to demonstrate prejudice by the alleged ineffective assistance of counsel in this case.